1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11 JESSE WASHINGTON,                                   )        No. C 11-3666 LHK (PR)
                                                      )
12          Plaintiff,                                )        ORDER OF SERVICE;
                                                      )        DIRECTING DEFENDANTS TO
13      v.                                            )        FILE DISPOSITIVE MOTION
                                                      )        OR NOTICE REGARDING
14 J. CAROPRESO and A. MARTINEZ,                      )        SUCH MOTION
                                                      )
15          Defendants.                               )
   _____                )

16

17          Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42

18 U.S.C. § 1983 challenging the conditions of his confinement at Salinas Valley State Prison.

19 Plaintiff is granted leave to proceed in forma pauperis in a separate order.  For the reasons stated

20 below, the Court orders the complaint served upon named Defendants.

21                                          **DISCUSSION**

22 A.      Standard of Review

23          A federal court must conduct a preliminary screening in any case in which a prisoner

24 seeks redress from a governmental entity or officer or employee of a governmental entity. *See*

25 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

26 any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

27 seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

28 § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.LHK\CR.11\Washington666srv.wpd

1 | *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2 | To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

3 | (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

4 | the alleged violation was committed by a person acting under the color of state law. *See West v.*

5 | *Atkins*, 487 U.S. 42, 48 (1988).

6 | B.      Plaintiff's Claims

7 | In his complaint, Plaintiff alleges that on August 4, 2008, he suffered a broken jaw while

8 | housed at Salinas Valley State Prison ("SVSP").  Institution Security Unit Correctional Officers

9 | J. Caropreso and A. Martinez were assigned to investigate the circumstances causing the broken

10 | jaw to ensure that there were no safety concerns regarding Plaintiff, and that Plaintiff could

11 | return to general population.  Caropreso and Martinez escorted Plaintiff to an administrative

12 | segregation cell to conduct the interview, stating that it would be in Plaintiff's best interest to

13 | talk about it outside the presence of other inmates.  Plaintiff informed Caropreso and Martinez

14 | that the broken jaw occurred because he accidentally slipped and fell, and that he wished to

15 | return to general population.

16 | Thereafter, Plaintiff complained that Caropreso and Martinez failed to conduct their

17 | investigation in a timely fashion.  They advised him not to file an inmate grievance about their

18 | failure to conduct a timely investigation or else he would be "very sorrowful" and not be placed

19 | back into general population.  Plaintiff ultimately filed an inmate grievance.  Soon after, on

20 | September 18, 2008, Caropreso and Martinez generated a lock-up order that indicated that

21 | Plaintiff had enemies on Facilities C and D at SVSP, and therefore, could not be housed in

22 | general population.  As a result, Plaintiff was placed in administrative segregation housing.

23 | Liberally construed, Plaintiff raises a cognizable claim of retaliation against named

24 | Defendants.

25 | **CONCLUSION**

26 | For the foregoing reasons, the Court hereby orders as follows:

27 | 1.      The Clerk shall issue a summons, and the United States Marshal shall serve,

28 | without prepayment of fees, copies of the complaint in this matter (docket no. 1), all attachments

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.LHK\CR.11\Washington666srv.wpd      2

1  thereto, and copies of this order on **Correctional Officer J. Caropreso** at **California State**

2  **Prison** - **Los Angeles**, and **Correctional Officer A. Martinez** at **San Quentin State Prison**.

3  The Clerk shall also serve a copy of this Order on Plaintiff and mail a courtesy copy of the

4  complaint to the California Attorney General's Office.

5          2.      No later than **ninety (90) days** from the date of this order, Defendants shall file a

6  motion for summary judgment or other dispositive motion with respect to the cognizable claims

7  in the complaint.

8          a.      If Defendants elect to file a motion to dismiss on the grounds that Plaintiff

9  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

10  defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315

11  F.3d 1108, 1119-20 (9th Cir. 2003).

12          b.      Any motion for summary judgment shall be supported by adequate factual

13  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

14  Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**

15  **qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion**

16  **that this case cannot be resolved by summary judgment, they shall so inform the Court**

17  **prior to the date the summary judgment motion is due.**

18          3.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and

19  served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

20          a.      In the event Defendants file an unenumerated motion to dismiss under

21  Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

22          The defendants have made a motion to dismiss pursuant to Rule 12(b) of
        the Federal Rules of Civil Procedure, on the ground you have not exhausted your
23          administrative remedies.  The motion will, if granted, result in the dismissal of
        your case.  When a party you are suing makes a motion to dismiss for failure to
24          exhaust, and that motion is properly supported by declarations (or other sworn
        testimony) and/or documents, you may not simply rely on what your complaint
25          says.  Instead, you must set out specific facts in declarations, depositions, answers
        to interrogatories, or documents, that contradict the facts shown in the defendant's

26

27          [1] The following notice is adapted from the summary judgment notice to be given to pro se
28  prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See*
    *Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

1    declarations and documents and show that you have in fact exhausted your
     claims.  If you do not submit your own evidence in opposition, the motion to
2    dismiss, if appropriate, may be granted and the case dismissed.

3              b.      In the event Defendants file a motion for summary judgment, the

4    Ninth Circuit has held that the following notice should be given to plaintiffs:

5              The defendants have made a motion for summary  judgment by which
       they seek to have your case dismissed.  A motion for summary judgment under
6      Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

7              Rule 56 tells you what you must do in order to oppose a motion for
       summary judgment.  Generally, summary judgment must be granted when there is
8      no genuine issue of material fact--that is,  if there is no real dispute about any fact
       that would affect the result of your case, the party who asked for summary
9      judgment is entitled to judgment as a matter of law, which will end your case.
       When a party you are suing makes a motion for summary judgment that is
10     properly supported by declarations (or other sworn testimony), you cannot simply
       rely on what your complaint says.  Instead, you must set out specific facts in
11     declarations, depositions, answers to interrogatories, or authenticated documents,
       as provided in Rule 56(e), that contradict the facts shown in the defendants'
12     declarations and documents and show that there is a genuine issue of material fact
       for trial.  If you do not submit your own evidence in opposition, summary
13     judgment, if appropriate, may be entered against you.  If summary judgment is
       granted in favor of defendants, your case will be dismissed and there will be no
14     trial.

15   *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

16   Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317

17   (1986) (holding party opposing summary judgment must come forward with evidence showing

18   triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that

19   failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a

20   consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff

21   without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v.*

22   *Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

23        4.      Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's

24   opposition is filed.

25        5.      The motion shall be deemed submitted as of the date the reply brief is due.  No

26   hearing will be held on the motion unless the court so orders at a later date.

27        6.      All communications by the Plaintiff with the Court must be served on Defendants,

28   or Defendants' counsel once counsel has been designated, by mailing a true copy of the

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.LHK\CR.11\Washington666srv.wpd        4

1   document to Defendants or Defendants' counsel.

2        7.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

3   No further court order is required before the parties may conduct discovery.

4        For Plaintiff's information, the proper manner of promulgating discovery is to send

5   demands for documents or interrogatories (for example, questions asking for specific, factual

6   responses) directly to Defendants' counsel. *See* Fed. R. Civ. P. 33-34.  The scope of discovery is

7   limited to matters "relevant to the claim or defense of any party . . ." *See* Fed. R. Civ. P.

8   26(b)(1).  Discovery may be further limited by court order if "(i) the discovery sought is

9   unreasonably cumulative or duplicative, or is obtainable from some other source that is more

10   convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

11   opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

12   expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).  <u>In</u>

13   <u>order to comply with the requirements of Rule 26, before deciding to promulgate discovery</u>

14   <u>Plaintiff may find it to his benefit to wait until Defendants have filed a dispositive motion which</u>

15   <u>could include some or all of the discovery Plaintiff might seek.</u>  In addition, no motion to compel

16   will be considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and

17   N.D. Cal. Local Rule 37-1 has been satisfied.  Because Plaintiff is detained, he is not required to

18   meet and confer with Defendants in person.  Rather, if his discovery requests are denied, and he

19   intends to seek a motion to compel, he must send a letter to Defendants to that effect, offering

20   them one last opportunity to provide him with the sought-after information.

21        8.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

22   and all parties informed of any change of address and must comply with the Court's orders in a

23   timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

24   pursuant to Federal Rule of Civil Procedure 41(b).

25        IT IS SO ORDERED.

26   DATED:   9/21/11

                        *Lucy H. Koh*

27                  LUCY H. KOH
                 United States District Judge

28

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.LHK\CR.11\Washington666srv.wpd   5