IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>J. CAROPRESO and A. MARTINEZ,<br><br>    Defendants. | No. C 11-3666 LHK (PR)<br><br>ORDER DENYING MOTION TO DISMISS; DIRECTING PLAINTIFF TO LOCATE UNSERVED DEFENDANT; DENYING DEFENDANT'S MOTION TO CHANGE TIME TO FILE DISPOSITIVE MOTION |

This *pro se* civil rights action was filed on July 27, 2011. Defense counsel specially appeared and filed a motion to dismiss Defendant A. Martinez for insufficient service. On December 13, 2011, a summons was returned executed on behalf of A. Martinez. However, less than one week later, on December 19, 2011, a letter from Tim Rosetti, Litigation Coordinator for CSP - San Quentin was filed. Rosetti stated that CSP - San Quentin has no record of A. Martinez ever having worked there. As a result, Rosetti returned the document originally sent for A. Martinez, and stated he could not accept the Court documents on his behalf. Thus, A. Martinez has not been served.

"[A]n incarcerated pro se plaintiff proceeding [IFP] is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them" under 28 U.S.C. § 1915 and Federal Rule of Civil

1  Procedure 4.  *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).  Because Plaintiff is

2  proceeding IFP, and service has not been effectuated pursuant to Rule 4, Defendants' motion to

3  dismiss A. Martinez is DENIED.  However, because there has not been proper service, the Court

4  in its discretion may dismiss the action or quash service of process.  *See Stevens v. Sec. Pac.*

5  *Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).  The Court finds that there is good cause to

6  quash the service of process, rather than dismiss A. Martinez as a defendant.  The Court so finds

7  because Plaintiff is entitled to rely upon the U.S. Marshal for service, and Plaintiff had no choice

8  regarding the manner of service chosen.

9     Where, as here, the Marshal is unable to effectuate service because Plaintiff has not

10 provided sufficient information to locate A. Martinez, Plaintiff must remedy the situation or face

11 dismissal of A. Martinez, as an unserved Defendant.  *See Walker v. Sumner*, 14 F.3d 1415, 1421-

12 22 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

13 Consequently, Plaintiff must either effectuate service on A. Martinez, or provide the Court with

14 his current location such that the U.S. Marshal is able to effectuate service.  **Plaintiff's failure to**

15 **do so within thirty (30) days of the filing date of this order will result in dismissal of the**

16 **claims against A. Martinez pursuant to Rule 4(m).**

17     Defendant has also filed a motion to change the time to file a dispositive motion.

18 (Docket No. 22.)  Because Defendant's dispositive motion is not currently due until March 19,

19 2012, his request for an extension of time is DENIED as premature.

20     IT IS SO ORDERED.

21 DATED:  2/7/12

                                             *Lucy H. Koh*
22                                            LUCY H. KOH
                                             United States District Judge

Order Denying Motion to Dismiss; Directing Plaintiff to Locate Unserved Defendant; Denying Defendant's Motion to Change Time to File Dispositive Motion
G:\PRO-SE\SJ.LHK\CR.11\Washington366misc.wpd          2