IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WASHINGTON,       )<br>                             )<br>    Plaintiff,           )<br>                             )<br>  v.                         )<br>                             )<br>J. CAROPRESO and A. MARTINEZ, )<br>                             )<br>    Defendants.          )<br>_____) | No. C 11-3666 LHK (PR)<br><br>ORDER GRANTING<br>PLAINTIFF'S REQUEST TO<br>REISSUE SUMMONS; ORDER OF<br>SERVICE<br><br><br><br>(Doc. No. 30) |

Plaintiff filed a complaint on July 27, 2011 which commenced this *pro se* civil rights action. On September 21, 2011, the Court ordered the complaint be served on Correctional Officer J. Caropreso at California State Prison - Los Angeles, and Correctional Officer A. Martinez at San Quentin State Prison. (Doc. No. 7.) Service on Defendant A. Martinez was insufficient because Defendant A. Martinez was not employed at San Quentin State Prison. (Doc. No. 18.) Plaintiff was ordered to either effectuate service on Defendant A. Martinez, or provide the Court with his current location such that the U.S. Marshall would be able to effectuate service. (Doc. No. 25.) Plaintiff has made efforts to determine the current place of employment of Defendant A. Martinez by writing to the Litigation Coordinator at Salinas Valley State Prison, the last known place of employment of Defendant A. Martinez. Plaintiff has not received a response. However Plaintiff has made additional efforts to locate Defendant A. Martinez and has provided the Court with additional addresses at which he believes Defendant A. Martinez is employed and requests that the Clerk re-issue a summons on Defendant A. Martinez.

Order Granting Plaintiff's Request to Re-Issue Summons; Order of Service
Washington366misc2serv.wpd

**CONCLUSION**

The Court **GRANTS** Plaintiff's request to reissue a summons on Defendant A. Martinez.

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Wavier of Service of Summons, a copy of the complaint and all attachments thereto, and a copy of this order to Correctional Officer **A. Martinez** at **California State Prison - Los Angeles County 44750 60th Street West, Lancaster, CA 93536** and **Central Training Facility, Highway 101, P.O. Box 686, Soledad, CA 93960**.

2. The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy of this Order to **Jillian Renee Weader, California Department of Justice, Office of the Attorney General, 455 Golden Gate Ave., Suite 11000, San Francisco, CA 94102.**

3. Additionally, the Clerk shall mail a copy of this Order to the Plaintiff.

4. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

5. No later than **ninety (90) days** from the date of this order, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim

1  in the complaint.

2        a.    If Defendant elects to file a motion to dismiss on the grounds that Plaintiff
failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
Defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315
F.3d 1108, 1119-20 (9th Cir. 2003).

        b.    Any motion for summary judgment shall be supported by adequate factual
documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
Procedure. **<u>Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.</u>**

6.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.

        a.    In the event Defendant files an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The defendant has made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

        b.    In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendant has made a motion for summary judgment by which he seeks to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

Order Granting Plaintiff's Request to Re-Issue Summons; Order of Service
Washington366misc2serv.wpd    3

United States District Court
For the Northern District of California

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendant, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

7. Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

8. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

9. All communications by the Plaintiff with the Court must be served on Defendant's counsel, by mailing a true copy of the document to Defendant's counsel.

10. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

11. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Order Granting Plaintiff's Request to Re-Issue Summons; Order of Service
Washington366misc2serv.wpd     4

1    IT IS SO ORDERED.

2  DATED: __4/9/12__



LUCY H. KOH
United States District Judge

Order Granting Plaintiff's Request to Re-Issue Summons; Order of Service
Washington366misc2serv.wpd    5