IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>J. CAROPRESO and A. MARTINEZ,<br><br>    Defendants. | No. C 11-3666 LHK (PR)<br><br>ORDER DISMISSING<br>DEFENDANT A. MARTINEZ |

On July 27, 2011, Plaintiff, a state prisoner proceeding *pro se*, filed a federal civil rights complaint against officials at Salinas Valley State Prison ("SVSP"). On September 21, 2011, the Court ordered the complaint to be served on Correctional Officer J. Caropreso at California State Prison - Los Angeles, and Correctional Officer A. Martinez at San Quentin State Prison, where the Plaintiff indicated they were currently employed. (Docket No. 7.) Service on Defendant A. Martinez was insufficient because Defendant A. Martinez was not employed at San Quentin State Prison. (Docket No. 18.) Plaintiff was ordered to provide the Court with the current location of Defendant A. Martinez such that the U.S. Marshal could effect service. (Docket No. 25.) Plaintiff filed a response providing the Court with additional addresses at which to locate Defendant A. Martinez. (Docket No. 30.) The Court reissued summonses to Defendant A. Martinez. (Docket No. 33.) However, on June 1, 2012, the summonses for Defendant A.

Martinez were again returned unexecuted. (Docket Nos. 40 and 41.) On June 25, 2012, the Court directed Plaintiff to provide the Court with an accurate and current location of Defendant A. Martinez within thirty (30) days, so that the Marshal could effect service. (Docket No. 46.) Plaintiff was also warned that failure to provide an accurate and current location for Defendant A. Martinez would result in his claims against this Defendant being dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. The Court further requested that the litigation coordinator of SVSP provide information about the employment status of Defendant A. Martinez who was an Institution Security Unit Correction Officer at SVSP in 2008. (*Id.*)

Plaintiff has filed a response to the Court's July 25, 2012 Order indicating that he has been unsuccessful in locating Defendant A. Martinez. (Docket No. 53.) In addition, counsel for Defendant J. Caropreso has filed a declaration regarding the Court's June 25, 2012 Order. (Docket No. 49.) Counsel demonstrates that review of documents filed by Plaintiff shows that no individual by the name of A. Martinez was involved in the allegations at issue in the case. (*Id.* at 1.) Instead, the individual involved in the incident upon which Plaintiff makes his allegations is M. Alverez. (*Id.*)

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

Plaintiff's complaint has been pending for over 120 days. Plaintiff has not provided sufficient information to allow the Marshal to locate and serve Defendant A. Martinez, and it appears that A. Martinez is not the correct Defendant. For the reasons stated above, Defendant A. Martinez is **DISMISSED** pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

DATED: August 12, 2012

LUCY H. KOH
United States District Judge

Order Dismissing Defendant A. Martinez
G:\PRO-SE\SJ.LHK\CR.11\Washington366Dism A. Martinez.wpd
2