1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   JESSE WASHINGTON,                    )    No. C 11-3666 LHK (PR)
                                          )
12                  Plaintiff,            )    ORDER GRANTING LEAVE TO
                                          )    AMEND COMPLAINT AND
13        v.                              )    ORDER OF SERVICE
                                          )
14   J. CAROPRESO,                        )
                                          )
15                  Defendant.            )
                                          )
16                                        )
                                          )
17   _____)    (Doc. No. 57)

18        Plaintiff filed a complaint on July 27, 2011, which commenced this *pro se* civil rights

19   action.  On September 21, 2011, the Court ordered that the complaint be served on named

20   Defendants J. Caropreso and A. Martinez.  (Doc. No. 7.)  Service for Defendant A. Martinez was

21   unsuccessful.  (Doc. Nos. 18, 40 and 41.)  On June 25, 2012, the Court warned Plaintiff that if he

22   did not provide an accurate and current location for Defendant A. Martinez within thirty (30)

23   days, all claims against Defendant A. Martinez would be dismissed pursuant to Rule 4(m).

24   (Docket No. 46.)  The Court also requested that the Litigation Coordinator of Salinas Valley

25   State Prison ("SVSP") provide current employment information for Defendant A. Martinez.  (*Id*.)

26   Counsel for Defendant J. Caropreso filed a declaration in response to the Court's request

27   indicating that no individual by the name of A. Martinez was involved in the allegations at issue

28   in the case, and that instead the individual involved in the incident upon which Plaintiff makes

1 his allegations is M. Alverez. (Doc. No. 49.)  On August 12, 2012, the Court dismissed all claims

2 against Defendant A. Martinez.  (Doc. No. 56.)  Plaintiff has filed a request for leave to amend

3 his complaint to add M. Alverez as a Defendant in these proceedings, and he requests an order of

4 service.  (Doc. No. 57.)

5    A plaintiff may amend the complaint "once as a matter of course within [] 21 days after

6 serving it." Fed. R. Civ. P. 15(a)(1)(A).  But, if the complaint requires a responsive pleading, a

7 plaintiff may amend the complaint "21 days after service of a responsive pleading, or 21 days

8 after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P.

9 15(a)(1)(B).  In all other cases, a plaintiff must obtain the defendant's consent or leave of Court

10 to amend a complaint. Fed. R. Civ. P. 15(a)(2).  Here, there is no indication that Plaintiff has

11 obtained Defendant J. Caropreso's consent.  However, it does not appear that Defendant

12 Caropreso would be prejudiced by allowing Plaintiff to amend his complaint.  Thus, the Court

13 **GRANTS** Plaintiff leave to amend his complaint. *See id.* ("The court should freely give leave

14 [to amend] when justice so requires.").

15

16            **CONCLUSION**

17    1.  The Clerk of the Court is directed to amend the Docket to reflect the addition of

18 Defendant M. Alverez.

19    2.  The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

20 Service of Summons, two copies of the Wavier of Service of Summons, a copy of the complaint

21 and all attachments thereto, and a copy of this order to **Correctional Officer M. Alverez** at

22 **Salinas Valley State Prison, P. O. Box 1020, Soledad, CA 93960-1020.**

23    3.  The Clerk of the Court shall also mail a copy of this Order to **Jillian Renee**

24 **Weader, California Department of Justice, Office of the Attorney General, 455 Golden**

25 **Gate Ave., Suite 11000, San Francisco, CA 94102.**

26    4.  Additionally, the Clerk shall mail a copy of this Order to the Plaintiff.

27    5.  Defendant Alverez is cautioned that Rule 4 of the Federal Rules of Civil

28 Procedure requires him to cooperate in saving unnecessary costs of service of the summons and

complaint.  Pursuant to Rule 4, if Defendant Alverez, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause is shown for his failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendant Alverez had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant Alverez will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendant Alverez is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendant Alverez has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

6.      No later than **ninety (90) days** from the date of this order, Defendant Alverez shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint.

a.      If Defendant Alverez elects to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant Alverez <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

b.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendant Alverez is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendant Alverez is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

7.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant Alverez no later than **twenty eight (28) days** from the date Defendant

Alverez's motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendant Alverez's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

8.    Defendant Alverez shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

9.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

10.    All communications by the Plaintiff with the Court must be served on Defendant Alverez's counsel, by mailing a true copy of the document to Defendant Alverez's counsel.

11.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

11.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   10/1/12

LUCY H. KOH
United States District Judge