IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JESSE WASHINGTON,                          )        No. C 11-3666 LHK (PR)
                                           )
              Plaintiff,                    )        ORDER GRANTING
                                           )        DEFENDANTS' MOTION TO
      v.                                   )        DISMISS
                                           )
                                           )
J. CAROPRESO and M. ALVAREZ,               )
                                           )
              Defendants.                   )
_____  )

Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Correctional Officers Caropreso and Alvarez, alleging that they retaliated against him for filing an administrative grievance against them.  Defendants have moved to dismiss this action for failure to exhaust.  Plaintiff has filed an opposition and supporting papers, and Defendants have filed a reply.  Plaintiff has filed a response to Defendant's reply.  Having carefully considered the papers submitted, the Court GRANTS Defendants' motion to dismiss for the reasons set out below.

**BACKGROUND**

The following facts are viewed in the light most favorable to Plaintiff.  Plaintiff was being held at Salinas Valley State Prison ("SVSP") in administrative segregation, pending an investigation into the broken jaw that he suffered on August 4, 2008.  (Compl. at ¶ 1.)  On August 21, 2008, the Institutional Classification Committee ("ICC") assigned Defendants to

investigate Plaintiff's security concerns.  (*Id.* at ¶ 2.)  Captain G. Ponder ordered Defendants to conduct an additional investigation by August 28, 2008, to confirm that Plaintiff could be released back into General Population without need for safety measures.  (*Id.*)

On September 18, 2008, Defendants interviewed Plaintiff regarding the circumstances surrounding Plaintiff's broken jaw injury.  (*Id.* at ¶¶ 3, 6.)  Plaintiff told Defendants that he received the injury when he slipped and fell in his cell due to a slippery floor, and disputed that he received it from a physical altercation with his cellmate.  (*Id.* at ¶ 7.)  Plaintiff indicated that he wished to return to General Population, and complained to Defendants regarding their delayed investigation.  (*Id.* at ¶¶ 8-9.)  Specifically, Plaintiff told Defendants that he intended to file an administrative grievance against them for failing to conduct the investigation in a timely manner.  (*Id.* at ¶ 9.)

According to Plaintiff, Defendants warned him not to file a grievance against them, and threatened that if he did file a grievance, they would make sure that Plaintiff would not be returned to General Population as he wished.  (*Id.* at ¶ 16.)  Thereafter, Plaintiff submitted a grievance against Defendants, SVSP 08-4255, claiming that they failed to timely investigate his security placement as instructed by Captain Ponder.  (*Id.* at ¶ 18.)

On September 18, 2008, after Plaintiff submitted his grievance against Defendants, Plaintiff received notice of a lock-up order, generated by Defendants, stating that Plaintiff had enemies on Facilities C and D and could not be returned to General Population.  (*Id.* at ¶ 19.)  From that date until January 5, 2009, Plaintiff remained housed in Facility D's administrative segregation unit until he was transferred to Kern Valley State Prison.  (*Id.* at ¶ 21.)

Plaintiff alleges that the lock-up notice was created in retaliation for filing SVSP 08-4255.  (*Id.* at ¶ 23.)  Defendants argue that Plaintiff has failed to exhaust this claim.

## DISCUSSION

I.    Legal Standard

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

1   remedies as are available are exhausted." 28 U.S.C. § 1997e(a).  Nonexhaustion under

2   § 1997e(a) is an affirmative defense; that is, Defendants have the burden of raising and proving

3   the absence of exhaustion.  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  In deciding a

4   motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the

5   pleadings and decide disputed issues of fact.  *Id.* at 1119-20.  If the Court concludes that the

6   prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without

7   prejudice.  *Id.* at 1120.

8         Failure to exhaust is an affirmative defense under the PLRA.  *Jones v. Bock*, 549 U.S.

9   199, 211 (2007).  Defendants have the burden of raising and proving the absence of exhaustion,

10  and inmates are not required to specifically plead or demonstrate exhaustion in their complaints.

11  *Id.* at 215-17.  As there can be no absence of exhaustion unless some relief remains available, a

12  movant claiming lack of exhaustion must demonstrate that pertinent relief remained available,

13  whether at unexhausted levels or through awaiting the results of the relief already granted as a

14  result of that process.  *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005).

15        The California Department of Corrections and Rehabilitation ("CDCR") provides its

16  inmates and parolees the right to appeal administratively "any departmental decision, action,

17  condition, or policy which they can demonstrate as having an adverse effect upon their welfare."

18  Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides its inmates the right to file administrative

19  appeals alleging misconduct by correctional officers.  Cal. Code Regs. tit. 15, § 3084.1(e).  In

20  order to exhaust available administrative remedies within this system, a prisoner must submit his

21  complaint on CDCR Form 602 ("602") and proceed through several levels of appeal:

22  (1) informal level grievance filed directly with any correctional staff member, (2) first formal

23  level appeal filed with one of the institution's appeal coordinators, (3) second formal level appeal

24  filed with the institution head or designee, and (4) third formal level appeal filed with the CDCR

25  director or designee ("Director's level").  Cal. Code Regs. tit. 15, § 3084.5; *Brodheim v. Cry*,

26  584 F.3d 1262, 1264-65 (9th Cir. 2009).  This satisfies the administrative remedies exhaustion

27  requirement under Section 1997e(a).

28

II.        Analysis

Defendants argue that Plaintiff failed to exhaust his retaliation claim.  They proffer that, since September 18, 2008 – the date Plaintiff alleges that Defendants retaliated against him – Plaintiff has exhausted four 602 appeals to the Director's level of review.  None of these four appeals concerned the underlying retaliation claim, and thus, argue Defendants, none of those four appeals could have served to exhaust Plaintiff's retaliation claim.

In response, Plaintiff argues that he was prevented from exhausting his claim, and thus should be excused from the exhaustion requirement.  In support of his argument, Plaintiff discusses six 602 appeals in an attempt to show his efforts at exhaustion.  Defendants dispute that any of these six appeals discussed Plaintiff's retaliation claim, and thus, none were sufficient to exhaust Plaintiff's retaliation claim.  Defendants further dispute Plaintiff's assertion that he was prevented from exhausting his claim.  The Court analyzes each appeal below.

A.        SVSP 08-4255

On September 18, 2008, Plaintiff submitted appeal number SVSP 08-4255.  (Pl. Decl., Ex. 1 at 10.)[1]  In this 602 appeal, Plaintiff objected to an order by Correctional Lieutenant C. Worfield dated September 15, 2008, placing Plaintiff into administrative segregation pending further investigation into Plaintiff's security concerns.  (*Id.*)  Plaintiff argued that he suffered his broken jaw by slipping and falling in his cell, and not because he had any security concerns.  (*Id.* at 12.)  Plaintiff also complained that the investigation into the incident was untimely.  (*Id.*)  Plaintiff appealed this issue all the way through to the Director's level.  (*Id.* at 8-9.)

However, Plaintiff's claim as stated in SVSP 08-4255 did not alert the prison to the nature of Plaintiff's federal retaliation claim so that prison officials could have taken appropriate responsive measures.  Thus, SVSP 08-4255 could not have exhausted Plaintiff's federal retaliation claim.  *See Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009); *see, e.g.*, *O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1062-63 (9th Cir. 2007) (concluding that with liberal construction, grievance requesting a lower bunk due to poor balance resulting from a

---

[1]  The Court uses the pagination as designated by CM/ECF.

1  previous brain injury was not equivalent to, and therefore did not exhaust administrative

2  remedies for, claims of denial of mental health treatment in violation of the ADA and

3  Rehabilitation Act).  In fact, SVSP 08-4255, was the 602 appeal that Plaintiff alleges was the

4  impetus for Defendants' retaliatory actions.

5           B.       Appeal submitted September 25, 2008

6           On September 25, 2008, Plaintiff submitted another 602 appeal, in which he alleged,

7  *inter alia*, that Defendants retaliated against him by influencing a lock-up order, generated on

8  September 23, 2008,[2] stating that Plaintiff had documented enemies and should not return to

9  General Population.  (Pl. Decl., Ex. 2 at 21-23.)  On October 2, 2008, Plaintiff's appeal was

10  screened out because Plaintiff raised more than one issue and Plaintiff failed to attach a copy of

11  the lock-up order to his 602 appeal.  (*Id.* at 19.)  An appeal can be screened out if it fails to

12  comply with regulations.  (MTD, Decl. Mojica at ¶ 6.)  *See, e.g.*, Cal. Code Regs. tit. 15, §

13  3084.3(c)(5) (2008)[3].  On October 5, 2008, Plaintiff submitted an "amended response" in which

14  he stated that he was only raising the issue of Defendants' September 18, 2008, interview of him.

15  (Pl. Decl., Ex. 2 at 20.)  Plaintiff also attached his rejected 602 appeal.  (*Id.*, Ex. 2 at 21-25.)

16  However, Plaintiff did not appear to attach a copy of the challenged lock-up order.[4]

17           The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or

18  otherwise procedurally defective administrative grievance or appeal.  *Woodford v. Ngo*, 548 U.S.

19  81, 84 (2006).  Therefore, the PLRA exhaustion requirement mandates proper exhaustion.  *Id.* at

20

21       [2]  Although Plaintiff's 602 appeal indicates that the lock-up order was dated September
22  23, 2008, Plaintiff's complaint alleges that he received this lock-up order on September 18,
     2003.  (Compl. at ¶ 19.)  The lock-up order itself is dated September 19, 2008.  (Pl. Decl., Ex. 4
23  at 42.)

24       [3]  "An appeal may be rejected . . . [when] [t]he appeal is incomplete or necessary
     supporting documents are not attached."
25

26       [4]  The Court notes that Plaintiff states that he resubmitted this appeal to the Director's
     level on December 29, 2008, and cites to Exhibit 2, page 2.  (Opp. at 8.)  However, the Court
27  cannot find any support for this statement.  Further, Plaintiff later contradicts himself in his
     declaration wherein he states that he resubmitted the appeal on October 5, 2008, but received no
28  response.  (Pl. Decl. at ¶ 7.)  Because the latter statement is supported by evidence, the Court
     does not find credible the former statement.

92. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91 (footnote omitted).  Plaintiff's 602 appeal was apparently screened out for failing to abide by Section 3084.3(c)(5) (2008).  The screening form directed the Plaintiff to attach an explanation on a separate piece of paper if he believed the screening was inaccurate.  (*Id.*, Ex. 2 at 19.)  The comments in the screening form further instructed Plaintiff to attach the challenged lock-up order.  In Plaintiff's amended response, it does not appear that Plaintiff attached the challenged lock-up order.  *See* Cal. Code Regs. tit. 15, § 3084.3(d) (2008)[5].  Thus, because Plaintiff did not abide by the agency's procedural rules, the September 25, 2008, appeal could not have exhausted his federal claim. *See Woodford*, 548 U.S. at 84.

       C.       SVSP 08-4498

On October 13, 2008, Plaintiff submitted appeal number SVSP 08-4498.[6]  (*Id.*, Ex. 3 at 29.)  In this 602 appeal, Plaintiff alleged that Defendants falsely stated that Plaintiff had enemies in Facilities C and D, and should not be placed into General Population.  (*Id.*, Ex. 3 at 31.) Plaintiff alleged that they did so in retaliation for his filing appeal number SVSP 08-4255.  (*Id.*) On November 10, 2008, Plaintiff received the denial of his appeal.  (*Id.*, Ex. 3 at 30.)  The reviewer stated that an investigation regarding Plaintiff's safety concerns was accurate, and final. (*Id.*)  There is no evidence that Plaintiff appealed from this denial within 15 days.  (*Id.*)  *See* Cal. Code Regs. tit. 15, § 3084.6(c) (2008) ("An appellant must submit the appeal within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision.").

---

[5]When rejecting an appeal, the appeals coordinator shall complete an Appeals Screening Form, CDC Form 695 (rev. 5-83), explaining why the appeal is unacceptable.  If rejection is based on improper documentation, the form shall provide clear instructions regarding further action the inmate must take to qualify the appeal for processing."

[6]  SVSP 08-4498 appears to be a resubmitted 602 appeal, correcting the errors noted in Plaintiff's previous 602 appeal, submitted September 25, 2008, and subsequently screened out. That is, SVSP 08-4498 raised only the issue of Defendants' retaliation against him, and also attached the challenged lock-up order.

Plaintiff alleges that after he received the denial, he resubmitted the appeal, and on November 26, 2008, the appeal was screened out as duplicative to SVSP 08-4525.  (Opp. at 8.)  Plaintiff attached a copy of the screening form.  (Pl. Decl., Ex. 3 at 27.)  However, the screening form stated that the reviewer reviewed SVSP 08-4498 and SVSP 08-4525, and determined that they contained duplicate issues.  (*Id.*)  The reviewer further noted that SVSP 08-4498 and SVSP 08-4525 were submitted within one working day of each other, in violation of the regulations.[7] (*Id.*)  The reviewer finally indicated that, for those reasons, SVSP 08-4525 was cancelled.[8] (*Id.*, Ex. 3 at 27.)  *See* Cal. Code Regs. tit. 15, §§ 3084.3(c)(2), (c)(8), 3084.4(a) (2008).

Despite Plaintiff's assertions, there is no indication that SVSP 08-4498 – the appeal challenging Defendants' retaliatory actions – was cancelled.  The screening form plainly stated that SVSP 08-4525 duplicated issues raised in SVSP 08-4498, and that SVSP 08-4525 was being cancelled.[9] (*Id.*)

In fact, nowhere in Plaintiff's 602 appeals, submitted in support of his opposition to the motion to dismiss, did Plaintiff allege, as he does here, that the 602 appeal challenging Defendants' retaliatory actions – SVSP 08-4498 – was cancelled at the same time as SVSP 08-4525.  Indeed, in one of Plaintiff's 602 appeals, he noted that SVSP 08-4525 was cancelled "due to being identical issue with appeal 08-4498."  [sic] (*Id.*, Ex. 5 at 48.)  Plaintiff went on to

---

[7] SVSP 08-4498 was received on October 15, 2008, and SVSP 08-4525 was received on October 16, 2008.  (Pl. Decl., Ex. 3 at 29, 40.)

[8] The Court notes that Defendants allege this screen-out notice was not delivered in response to any "resubmitted" SVSP 08-4498 appeal.  Defendants contend, rather, that this screen-out notice was in response to Plaintiff's November 25, 2008 appeal, discussed below.  (MSJ at 8.)  *See infra*, Section II(E).

[9] On December 2, 2008, Plaintiff submitted a response to the screening form.  (*Id.*, Ex. 3 at 28.)  In the response, he stated that he resubmitted "the attached 602 appeals dated 11-25-08 as previously stated against the appeals office here at SVSP for a continued intentional interference with my state and federal rights to file grievances . . ."  (*Id.*)  However, the "attached" appeal as listed in Plaintiff's exhibits are not dated November 25, 2008.  (*Id.*, Ex. 3 at 29-32.)  The "attached" appeal as set forth in Plaintiff's exhibits, is, in fact, SVSP 08-4498.  (*Id.*)  The only appeal dated November 25, 2008, claims that the appeals office are not "competent appeal coordinators," and goes on to complain about Plaintiff's belief that SVSP 08-4525 was erroneously cancelled.  (*Id.*, Ex. 6 at 52.)

1   state that he then resubmitted both SVSP 08-4498 and SVSP 08-4525, along with a separate 602

2   appeal against Correctional Counselor II Variz (presumably the 602 appeal dated November 25,

3   2008). (*Id.*)  Then, noted Plaintiff, Correctional Counselor Variz "cancelled appeal 08-4498,

4   incorrectly stating "that I failed too amended appeal 08-4498 Section 'F,' that I was now

5   changing appeal issue segregation hearings." (*Id.*)  Section F of the 602 appeal forms explains to

6   inmates that if they are dissatisfied with the formal level of review's response, they must explain

7   why they are dissatisfied within fifteen days of receipt of the response.  None of the 602 appeals

8   demonstrates that Plaintiff has ever explained in Section F why he was dissatisfied with the

9   formal level of review's response in SVSP 08-4498.  Defendants also have no record that

10  Plaintiff ever appealed SVSP 08-4498 past the first level of review.  (Reply, Decl. Mojica at ¶ 6.)

11      If prison officials improperly screen out an inmate's appeals, administrative remedies are

12  unavailable.  *See Sapp v. Kimbrell*, 623 813 822-23 (9th Cir. 2010).  In order to satisfy this

13  exception to exhaustion, an inmate must show: "(1) that he actually filed a grievance or

14  grievances that, if pursued through all levels of administrative appeals, would have sufficed to

15  exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened

16  his grievance or grievances for reasons inconsistent with or unsupported by applicable

17  regulations." *Id.* at 823-24.  Plaintiff has not satisfied his burden.  Based on the evidence

18  provided by Plaintiff, the best the Court can glean from the information is that Plaintiff failed to

19  appeal the first level of review's denial within 15 days of receipt.  *See* Cal. Code Regs., tit. 15

20  § 3084.6(c) (2008).

21      Because Plaintiff has failed to sufficiently demonstrate that SVSP 08-4498 was

22  erroneously screened out or that administrative remedies were unavailable, the Court finds that

23  SVSP 08-4498 did not exhaust Plaintiff's federal claim.  *See Albino v. Baca*, 697 F.3d 1023,

24  1032-33 (9th Cir. 2012) (recognizing that once defendants meet their burden of showing an

25  absence of exhaustion, the burden shifts to the prisoner to demonstrate that administrative

26  remedies were unavailable).

27      D.      SVSP 08-4525

28      On October 15, 2008, Plaintiff submitted appeal number SVSP 08-4525.  (Pl. Decl., Ex. 4

Order Granting Defendants' Motion to Dismiss
G:\PRO-SE\SJ.LHK\CR.11\Washington666mtdexh.wpd      8

1   at 40.)  In this appeal, Plaintiff complains that the ICC failed to modify and correct a false

2   chrono indicating that Plaintiff had enemies.  Plaintiff concedes that he was not challenging

3   actions by Defendants.  (*Id.*, Ex. 4 at 37, 40.)  Because this appeal could not have alerted the

4   prison officials that Plaintiff was making a retaliation claim, it could not have exhausted his

5   federal claim.  *See Griffin*, 557 F.3d at 1120.

6          E.      Appeal submitted November 25, 2008

7          On November 25, 2008, Plaintiff submitted an appeal in which he alleged that SVSP has

8   failed to provide Plaintiff with competent appeal coordinators to process grievances.  (Pl. Decl.

9   Ex. 6 at 52.)  This appeal was screened out the following day, on November 26, 2008.  (*Id.*, Ex. 3

10  at 27.)  Regardless of whether this appeal was improperly screened out, the subject matter of the

11  appeal could not have alerted the prison officials that Plaintiff was making a retaliation claim.

12  Thus, it would not have exhausted Plaintiff's federal claim.  *See Griffin*, 557 F.3d at 1120.

13         F.      SVSP 08-5188

14         On December 17, 2008, Plaintiff submitted appeal number SVSP 08-5188.  (*Id.*, Ex. 5 at

15  46.)  In this 602 appeal, Plaintiff complained that Correctional Counselor Variz improperly

16  handled administrative appeals.  (*Id.*)  Because this appeal could not have alerted the prison

17  officials that Plaintiff was making a retaliation claim, it could not have exhausted his federal

18  claim.  *See id.*

19                                  **CONCLUSION**

20         Accordingly, because Plaintiff failed to exhaust his administrative remedies prior to filing

21  suit, Defendants' motion to dismiss is GRANTED.  Based on this ruling, the Court finds it

22  unnecessary to address Defendants' alternate argument that Plaintiff failed to state a claim.

23  Judgment shall be entered in favor of Defendants.  The Clerk shall terminate all pending motions

24  and close the file.

25         IT IS SO ORDERED.

26  DATED: ___3/7/13___

27                                          LUCY H. KOH
                                            United States District Judge

28

Order Granting Defendants' Motion to Dismiss
G:\PRO-SE\SJ.LHK\CR.11\Washington666mtdexh.wpd          9